# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIMINAL NO. 91-0167-WS |
| | ) |
| **MARZELLE JEFFERSON,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on defendant Marzelle Jefferson's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as a Result of COVID-19 (doc. 10). The Government filed a Response (doc. 13) on August 11, 2020, indicating that "[t]he United States does not oppose Jefferson's motion." (Doc. 13, PageID.163.) For the reasons set forth below, the Motion is **GRANTED**.[1]

Back in 1993, Jefferson entered a plea of guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (Count 1); one count of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count 3); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). On February 10, 1994, Judge Butler sentenced Jefferson to a total term of imprisonment of 322 months, including 240 months on the bank robbery conviction, 262 months concurrent on the § 924(c)(1) conviction, and 60 months consecutive on the felon-in-possession conviction. Jefferson continues to serve that term of imprisonment today. According to Bureau of Prisons records,

---

[1] Also pending is the Government's Motion for Leave to File Under Seal (doc. 14). In that Motion, the Government seeks leave to file under seal a copy of Jefferson's recent medical records from FCI Talladega, as well as a copy of his Presentence Investigation Report. The Court agrees that these materials are helpful to evaluate Jefferson's motion for compassionate release, and that they are properly submitted under seal to safeguard Jefferson's privacy and to protect his personal history and personally identifiable information from public disclosure. Accordingly, the Government's Motion for Leave to File Under Seal is **GRANTED**. The exhibits found at docket entry 15 (consisting of medical records and the PSR) shall be maintained **UNDER SEAL** by the Clerk of Court.

Jefferson has a projected release date of November 30, 2021.  He is presently housed at FCI Talladega, in Talladega, Alabama.

Jefferson is one of numerous defendants who has petitioned this Court for compassionate release or modification of sentence based on the effects of the COVID-19 pandemic.  In his Motion, filed *pro se*, Jefferson invokes 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603 of the First Step Act enacted in December 2018.  That section allows a defendant to petition the Court directly for reduction of a term of imprisonment for "extraordinary and compelling reasons," without a motion by the Director of the Bureau of Prisons ("BOP"), but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  § 3582(c)(1)(A).  In his Motion, Jefferson shows that he submitted a written request for compassionate release to the Warden of FCI Talladega on March 10, 2019.  (Doc. 10, Exh. I, PageID.134-36.)  Jefferson further shows that the Warden found him eligible for reduction in sentence, but nonetheless denied the request in writing on April 24, 2020 for the stated reason that "in light of his criminal history and the nature and circumstances of his offense, his release at this time would minimize the severity of his offense."  (Doc. 10, Exh. II, PageID.137-38.)  Under these circumstances, Jefferson is authorized by the amended version of the statute to request judicial modification of his term of imprisonment on the ground that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).

The statute is clear that any such reduction of a sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's applicable policy statement, set forth at Application Note 1 to the Commentary of § 1B1.13 of the Federal Sentencing Guidelines, defines "extraordinary and compelling reasons" justifying sentence reduction as including (i) the defendant's serious medical condition diminishing his ability to provide self-care within the environment of a correctional facility; (ii) the advanced age of the defendant; (iii) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (iv) other reasons "[a]s determined by the Director of the Bureau of Prisons."  *Id.*  Jefferson's Motion directly implicates and satisfies the first and second

categories of extraordinary and compelling reasons as delineated in the Sentencing Commission's policy statement.

Perhaps the most straightforward means of demonstrating the existence of extraordinary and compelling reasons for compassionate release in this case is to apply Application Note 1(B) of the Commentary of § 1B1.13 of the Sentencing Guidelines.  In that subsection, the Sentencing Commission promulgated a policy statement that extraordinary and compelling reasons for modification of sentence may exist where "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his term of imprisonment, whichever is less."  U.S.S.G. § 1B1.13, App. Note 1(B).  Jefferson meets all of these criteria, inasmuch as the information presented to this Court reflects that Jefferson (i) is 69 years old; (ii) suffers from significant age-related health conditions, including severe coronary artery disease, hypertension, type 2 diabetes, rheumatoid arthritis, strokes that have left him partially paralyzed on his left side, glaucoma in both eyes, gout, lower back pain and incontinence, all of which are confirmed in the medical records; and (iii) has served more than 250 months of his sentence, thus exceeding 75% of the total imposed term of imprisonment.  On these facts, Jefferson has made a showing of "extraordinary and compelling reasons" supporting compassionate release within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i).[2]

Of course, even where a defendant has properly brought a Motion for Compassionate Release, and even where the defendant has made the requisite showing of extraordinary and compelling reasons, the Court may reduce the term of imprisonment only "after considering the factors set forth in section 3553(a) to the extent they are applicable."  18 U.S.C. § 3582(c)(1)(A).  The undersigned has considered all of those factors here, including among others the nature and circumstances of the offense and the history and characteristics of the defendant.  The Court recognizes the seriousness of the underlying offense conduct, as well as Jefferson's extensive prior criminal history, all as documented in the Presentence Investigation Report and as reflected in the length of sentence selected by Judge Butler in 1994.  However, the Court also recognizes that at present, Jefferson's health is severely compromised, he has served all but a tiny fraction of

---

[2]   The Government concurs.  Indeed, in its Response, the Government writes that it "agrees that Jefferson's age and medical conditions make him eligible for compassionate release consideration during the COVID-19 pandemic."  (Doc. 13, PageID.163.)

the sentence imposed in this case (after accounting for good-time credits), and his various serious medical conditions collectively place him at a heightened risk of contracting COVID-19 in the environment of a correctional facility, despite the BOP's well-documented efforts to prevent and control coronavirus transmissions at FCI Talladega and other federal correctional institutions. It also bears noting that there are presently active cases of COVID-19 among the inmate population at the facility where Jefferson is housed. Taking into account all of these considerations, as well as the Government's non-opposition, the Court finds that reduction in Jefferson's sentence for compassionate release purposes is warranted pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.

Accordingly, and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the U.S. Sentencing Commission, Marzelle Jefferson's Motion for Modification of Sentence (doc. 10) is **GRANTED**. His previously imposed sentence of imprisonment of 322 months is reduced to **TIME SERVED**, subject to the following provisions:

1. This Order is **stayed** for up to 14 days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than 14 days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended;

2. The defendant must provide the complete address where he will reside upon release to the Probation Office in the district where he will be released because it was not included in the motion for sentence reduction; and

3. The defendant's previously imposed conditions of supervised release are unchanged.

DONE and ORDERED this 12th day of August, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE